UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:14-cv-38-EBA

PAPA BALLA SEYE,

                                                                  PLAINTIFF,

V.              **MEMORANDUM OPINION AND ORDER**

ERIC RICHARDSON, et al.,

                                                                 DEFENDANTS.

\* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion for Summary Judgment. [R. 19] and the Plaintiff's cross motion for Summary Judgment [R. 50]. Fully briefed, the matter is ripe for review. Because the Plaintiff has not set forth a genuine issue of material fact, Defendants' motion for summary judgment [R. 19] will be granted, and the Plaintiff's cross-motion for summary judgment [R. 50], will be denied.

FACTUAL BACKGROUND

On October 18, 2010, Plaintiff, Papa Balla Seye ("Seye"), filed a *pro se* complaint in the United States District Court suing Community Yellow Cab and Tom Nicolaus alleging claims of breach of contract, unjust enrichment, intentional infliction of emotional distress, tortious interference with a business relationship, fraud, and conversion. [R. 1; Seye v. Community Yellow Cab NK Management LLC, Case No. 2:10-cv-234]. Those claims arose from Seye's purchase and use of taxi cabs for whick Yellow Cab refused to convey title. Id. Although Seye initiated that action pro se, upon the Court's suggestion that he secure the services of an attorney, Seye retained Eric Richardson to represent him in his suit against Yellow Cab. [R. 1 at 3]. At the final pretrial

conference held in that matter, Judge Bertlesman set the guidelines for the parties and counsel to follow at trial, and allowed each side approximately five hours to present his respective case. [Seye v. Community Yellow Cab NK Management LLC, Case No. 2:10-cv-234, R. 58]. The three day trial began on August 19, 2013, and Richardson's presentation of Seye's case lasted a day and a half, during which he called Seye to the stand to testify and admitted fourteen exhibits into evidence. [Id.; Rs. 59, 60, 61]. Upon conclusion of the case, the jury returned a verdict finding that neither party should recover on their claims against the other. [Id.; R. 64].

Subsequently, on February 10, 2014, Seye a complaint alleging legal malpractice against Eric Richardson ("Richardson") and his law firm, Richardson and VOGT, PLCC in the Kenton County Circuit Court in Covington, Kentucky. [R. 1]. On March 3, 2014, the case was removed to the United States District Court in the Eastern District of Kentucky based on diversity jurisdiction. Id. The parties consented to the jurisdiction of the magistrate judge and on August 15, 2014, the case was reassigned to the undersigned for all further proceedings. [Rs. 14; 17]. Now ripe for review, the Court will review the merits of the Plaintiff's claim.

In this case, the gravamen of Seye's complaint is the alleged breach of Richardson's duty of care owed to Seye in the underlying case against Community Yellow Cab. [R. 1]. Seye claims that Richardson breached his professional duty to "fully, fairly and competently represent" him when Richardson failed to call additional witnesses to trial and failed to request certain documentation from Yellow Cab during discovery. Id. at 4-6. Specifically, Seye claimed that Richardson should have called Joe Euton, Kelvin Davis, and Kabir Niane, three alleged key witnesses that Seye believes would have been able to establish his case against Yellow Cab. Id. It is these alleged failures which, according to Seye, resulted in losing the legal action against Yellow

Cab. In response, Richardson argues that his trial strategy was reasonable in light of the restrictions given by the presiding judge to try the case, in particular, being limited to presenting his case in five hours. [R. 5].

The discovery period in the present action has come to a close, and before this Court are the parties' cross motions for summary judgment. Plaintiff argues for summary judgment in his favor based upon Richardson's alleged breach of his professional duty to represent Seye. [R. 50]. Richardson, however, rejects the claim that he breached his professional duty to Seye and asserts that he presented Seye's case properly in light of the restrictions given by the trial court. [R. 19]. Furthermore, Richardson asserts that he is entitled to summary judgment in this action as Seye has not designated an expert witness to testify, and is therefore unable to present proof of legal malpractice. Id.

Analysis of Seye's claims of legal malpractice and breach of fiduciary duty concern the same facts and the same standard, as briefed by the parties. Therefore, the Court will address the claims simultaneously, directing its attention to the appropriate standard of care owed by Richardson to Seye under the circumstances of this case. However, neither party addresses Seye's breach of contract claim, and the Court will therefore conduct no analysis of the merits of that claim.

SUMMARY JUDGMENT STANDARD

When sitting in diversity, a federal court applies the substantive law of the state in which it sits. Hayes v. Equitable Energy Resourcs Co., 266 F.3d 560, 566 (6th Cir. 2001) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). When considering the issue of summary judgment, however, a federal court applies the standards of FEDERAL RULE OF CIVIL PROCEDURE 56 rather than "Kentucky's summary judgment standard as expressed in Steelvest, Inc. v. Scansteel

3

Serv. Ctr. Inc., 807 S.W.2d 476 (Ky. 1991)." Gafford v. Gen. Elec. Co., 997 F.2d 150, 165 (6th Cir. 1993). Pursuant to Fed.R.Civ.P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Id. The Court will then view all facts in the light most favorable to the non-moving party, giving him or her the benefit of all reasonable inferences that can be drawn from the facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Importantly, however, not every issue of fact necessitates the denial of a summary judgment motion. Id. at 248. The test for deciding a motion for summary judgment is essentially the same as that for a directed verdict motion. Id. at 252; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989). There is no issue for trial, and a motion for summary judgment should be granted, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 251; Street, 886 F.2d at 1478.

To successfully defeat a motion for summary judgment, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" Dixon v. Gonzales, 481 F.3d 324, 330 (6th Cir. 2007) (citing Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). If the record, taken as a whole, cannot

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is appropriate. Matsushita, 475 U.S. at 586-87. Notably, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street, 886 F.2d at 1479-80. "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

## ANALYSIS

A legal malpractice action is a "suit within a suit." Marrs v. Kelly, 95 S.W.3d 856, 860 (Ky. 2003). To successfully prove legal malpractice as a matter of law in Kentucky, the plaintiff must show: (1) that a duty of care exists arising out of a lawyer-client relationship; (2) that the lawyer neglected his duty to exercise ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and (3) that the lawyer's negligence resulted in, and substantially contributed to, the plaintiff's injuries. Id.; Daugherty v. Runner, 581 S.W.2d 12, 16 (Ky.Ct.App. 1978); McCay v. Dudley, 1994 WL 478716, at *3 (6th Cir. Sept. 2, 1994).

Turning first to the issue of determining the duty, or standard of care, Richardson owed to Seye as his attorney in the underlying case, the Court is aware that "in cases involving professionals or professions requiring special skill and expertise, the standard is typically measured by the standard of conduct customary in the profession under the circumstances." Boland-Maloney, 302 S.W.3d at 686; see, e.g. Hyman & Armstrong, P.S.C. v. Gunderson, 279 S.W.3d 93 (Ky. 2008). In cases involving alleged professional negligence, expert testimony is typically, though not always, required to establish the standard of care owed. Greer's Adm'r v. Harrell's Adm'r, 206 S.W.2d 943, 946 (Ky. 1947). And, in Kentucky, the expert testimony requirement applies to legal malpractice

5

claims. Stephens v. Denison, 150 S.W.3d 80 (Ky.Ct.App. 2004). However, Kentucky courts have long recognized an exception in cases where negligence of the professional is so apparent that even a layperson could recognize it. Baptist Healthcare Systems, Inc. v. Miller, 177 S.W.3d 676, 681 (Ky. 2005); Boland-Maloney, 302 S.W.3d 686. "Restated, an expert witness is required to establish the standard of care in professional negligence cases in Kentucky, unless the standard is within the general or common knowledge of laypersons." Id. The question then is whether, in this case, negligence must be proven through the testimony of an expert, or whether the alleged negligence is so apparent that it is within the knowledge of a layperson. The Court finds, first, that in this case the alleged negligence is not so common as to be within the knowledge of a layperson. In addition, if the Court assumed the opposite to be true, that it is within the knowledge of a layperson, Seye has not shown evidence of negligence sufficient to create a question of fact for a jury's consideration. As a result, the Defendant is entitled to summary judgment in this action.

This case, pending since February of 2014, has seen minimal discovery, no experts disclosed and no sworn testimony submitted to express an opinion on the standard of care and Richardson's alleged breach of that standard. Though Seye has urged this court to consider this case under the layperson exception to the expert testimony rule, he has provided no facts to suggest that any alleged malpractice would be within the common knowledge of a layperson. Furthermore, Seye has not deposed any "key witnesses" he listed in his complaint in order to provide this court with some basis as to what they would have testified to during his underlying suit and how their absence was prejudicial to his desired success in the underlying case.

Seye is not required to produce evidence sufficient to succeed at trial at this stage of the litigation; but must, however, demonstrate that sufficient evidence exists to establish the necessary

elements of the claim. This includes demonstrating that qualified expert testimony is available, Goff v. Justice, 120 S.W.3d 716 (Ky.Ct.App. 2002), or, that expert testimony to support the malpractice claim is, under the circumstances, unnecessary. The Court cannot discern even a scintilla of evidence to support his claim that Richardson was negligent, thus summary judgment is appropriate.

## CONCLUSION

Therefore, as the record fails to reveal a question of fact regarding the Defendants' negligence, and for the reasons set forth above, the Court ORDERS THAT:

(1) Defendants' Motion for Summary Judgment [R. 19] on Seye's claims of legal malpractice and breach of fiduciary duty is GRANTED; and the Plaintiff's Motion for Summary Judgment [R. 50] is DENIED;

(2) The Defendant's Motion to Strike [R. 30] and Motion to Strike Pro Se Motion for Summary Judgment [R. 53] are DENIED as MOOT; and

(3) This matter be SCHEDULED FOR A HEARING on FRIDAY, MAY 8, 2015, AT THE HOUR OF 12:00 P.M. at the Federal Courthouse, Covington, Kentucky. The Court will take up the remaining claim for breach of contract and the Defendant's Motion for Sanctions [R. 51] at that time.

Signed April 23, 2015.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge