UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO: 2:14-cv-38-EBA

PAPA BALLA SEYE,                                                                           PLAINTIFF,

v.

**MEMORANDUM OPINION AND ORDER**

ERIC RICHARDSON, et al.,                                                 DEFENDANTS.

*** *** *** *** ***

This matter is before the undersigned on the Plaintiff's remaining breach of contract claim. [R. 56]. On May 8, 2015, the undersigned held a status conference in this case and ordered the production of the contract at issue. [R. 60]. Plaintiff has since filed the contract for review. [R. 62]. On June 22, 2015, the undersigned conducted a hearing in order to address the remaining contract claim, which Plaintiff failed to attend. [R. 67]. For the reasons stated below, the Court will dismiss the Plaintiff's final claim for breach of contract.

In order to establish a claim for breach of contract under Kentucky law, a plaintiff must establish: (1) the existence of a valid contract; (2) breach of that contract; and (3) damages or loss to the plaintiff. Pruitt v. Genie Industries, Inc., CIV.A. 3: 10 81 DCR, 2013 WL 139701, at *2 (E.D. Ky. Jan. 10, 2013); Sudamax Industria e Comercio de Cigarros, Ltd v. Buttes & Ashes, Inc., 516 F.Supp.2d 841, 845 (W.D.Ky.2007). In Kentucky, "an enforceable contract must contain definite and certain terms setting forth promises of performance to be rendered by each party." Kovacs v. Freeman, 957 S.W.2d 251, 254 (Ky.1997). While *pro se* litigants are afforded some leeway in setting forth their claims, they must not rely on bare legal conclusions. Simmons v. Countrywide Home Loans, No. 3:09-621, 2010 WL 1408592, *3 (M.D. Tenn., Feb. 25, 2010). Accordingly, a *pro se* litigant asserting a breach of contract claim must, *at a bare minimum*, allege

which particular provisions of the contract were breached and how they were breached or else the claim must be dismissed. Id. (emphasis added)

In this case, although the Plaintiff filed the contract at issue between himself and the Defendants, he has failed to allege which provisions of the contract were breached, how the provisions were breached, or even what damages were caused by the alleged breach. The Plaintiff also failed to submit a brief with his claim. [Rs. 65; 67]. Thus, the Plaintiff has not shown that a scintilla of evidence in support of his contract claim.

The complaint itself is also insufficient to form the basis of the Plaintiff's breach of contract claim. In his complaint, the Plaintiff alleges that the Defendant failed to call certain witnesses, demand certain documents from Community Yellow Cab and failed to mention the purchase value of the vehicles at issue to the jury. [R. 1-1]. These allegations, even if taken as true, do not amount to a breach of contract. The contract submitted does not contain any bargained for provisions regarding trial strategy and/or specific discovery requests. [R. 62-1].

In addition, the contract entered into between the parties specifically states that the Plaintiff has, "not engaged RICHARDSON AND VOGT, PLLC for any services not explicitly provided for elsewhere in this agreement." [R. 62-1 at 1]. A cursory reading of the contract provided does not reveal provisions regarding the number of witnesses to be called, documents to be requested, or statements to be made to the jury. [R. 62-1]. Plaintiff's disappointment regarding the outcome of his trial is not a basis for a breach of contract claim. For the reasons stated above, the Plaintiff's breach of contract claim must be dismissed.

Accordingly, the Defendants are entitled to a judgment in their favor on the Plaintiff's breach of contract claim as a matter of law. The Plaintiff has not carried his burden of proof showing that a question of fact exists regarding the remaining breach of contract claim.

Having considered the matter fully, being otherwise sufficiently advised, and for the reasons

set forth above, the Court ORDERS THAT:

  (1) Defendants' Motion for Summary Judgment [R. 61] is GRANTED;

  (2) All remaining motions shall be DENIED AS MOOT;

  (3) The Court will enter an appropriate judgment..

  (4) This matter be STRICKEN from the Court's docket.

Signed June 23, 2015.

